```
DISTRICT COURT OF THE VIRGIN ISLANDS
  DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,    )
                             )
         Plaintiff,          )
                             )
    v.                       )    Criminal No. 2019-41
                             )
KARIME WILLIAMS,             )
                             )
         Defendant.          )
                             )
```

**ATTORNEYS:**

**Gretchen C.F. Shappert, United States Attorney**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
　　*For the United States of America,*

**Richard Coughlin, FPD**
**Kia Daniel Sears, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
　　*For Karime Williams.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Karime Williams to dismiss the indictment in this matter for violations of the Speedy Trial Act. Also before the Court is the motion of the United States to dismiss the indictment in this matter pursuant to Federal Rule of Criminal Procedure 48(a).

### I. FACTUAL AND PROCEDURAL HISTORY

On May 11, 2019, officers in the Virgin Islands Police Department stopped a vehicle driven by Karime Williams

("Williams"). After ordering Williams to exit the vehicle, the officers conducted a pat-down search of Williams and discovered a handgun in his waistband. Williams was then arrested and taken into custody by the Virgin Islands Police Department.

On May 21, 2019, the United States filed a criminal complaint (the "Complaint") charging Williams with (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) possession of a machine gun in violation of 18 U.S.C. § 922(o); and (3) possession of a stolen firearm in violation of 18 U.S.C. § 922(i). The same day, the Magistrate Judge issued an arrest warrant for Williams based on the Complaint and supporting affidavit.

Williams was arrested on the charges in the Complaint on May 29, 2019. He appeared before the District Court for his initial appearance later that day. At that proceeding, the United States orally moved to detain Williams pending trial.[1] The District Court scheduled a detention hearing for June 3, 2019, before the Magistrate Judge. A detention hearing, as scheduled, was held on June 3, 2019. At the conclusion of that hearing, the Magistrate Judge ordered Williams detained.

---

[1] On May 31, 2019, the United States also filed a written motion seeking detention.

On July 3, 2019, the United States filed an information (the "Information") charging Williams with one count of felon in possession of a firearm. On July 11, 2019, the Grand Jury returned an indictment (the "Indictment") charging Williams with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession of a machine gun in violation of 18 U.S.C. § 922(o).

On August 9, 2019, Williams moved to dismiss the Indictment for violations of the Speedy Trial Act. On August 16, 2019, the United States filed an opposition to Williams's motion to dismiss. On August 22, 2019, the United States filed a supplemental brief opposing Williams's motion to dismiss. In that brief the United States conceded that there was a speedy trial violation with respect to the possession of a machine gun charge. The United States also maintained its earlier position that there was no violation with respect to the felon in possession of a firearm charge. On August 22, 2019, the United States filed a motion to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 48(a).

## II. ANALYSIS

### A. Violation of Speedy Trial Act

The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an

offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If charges in a criminal complaint are not charged by indictment or information within this thirty day period, those charges must be "dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). Dismissal may be with or without prejudice. 18 U.S.C. § 3162(a)(1); *see also United States v. Dyer*, 325 F.3d 464, 467 (3d Cir. 2003) ("If the government fails to comply with this time limit, the Speedy Trial Act requires the dismissal of charges in the complaint, with or without prejudice."). The defendant bears the burden of proving a violation of the Speedy Trial Act. 18 U.S.C. § 3162(a)(2).

Here, Williams was arrested on federal charges on May 29, 2019. Ordinarily, an arrest triggers the running of the speedy trial clock. *See, e.g.*, *United States v. Crews*, 494 Fed. App'x 240, 243 (3d Cir. 2012) (explaining that "the Speedy Trial Act's 30-day clock . . . begins to run at the start of federal detention" (emphasis omitted)). The running of the speedy trial clock is not without interruption. Indeed, under the Speedy Trial Act, certain "periods of delay shall be excluded in computing the time within which an information or

indictment must be filed." 18 U.S.C. § 3161(h). Relevant here, the Speedy Trial Act excludes

> Any period of delay resulting from other proceedings concerning the defendant, including . . .
> . . .
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> . . .
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1).

When calculating delays under the Speedy Trial Act, the district court excludes from the count days on which triggering events occur. *See United States v. Lattany*, 982 F.2d 866, 871-72 (3d Cir. 1992). Weekend days and holidays are included in the Speedy Trial count*. See United States v. Tinklenberg*, 563 U.S. 647, 661 (2011).

On the day of Williams's arrest the United States orally moved to detain Williams pending trial. That motion tolled the running of the speedy trial clock. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding from speedy trial clock "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on . . . such motion"); *see also, e.g.*, *United States v. Hughes*, 840 F.3d 1368, 1381 (11th Cir. 2016) ("[T]he government's oral motion [for detention] at the

April 24 hearing automatically stopped the Speedy Trial clock until the court disposed of that motion on April 29."). On June 3, 2019, the Magistrate Judge ordered Williams detained, resolving the United States's motion for detention. Thus, the 30-day clock began to run for the first time on June 4, 2019. *See United States v. Rashid*, 593 Fed. App'x 132, 135 (3d Cir. 2014) ("When a pretrial motion requires a hearing, § 3161(h)(1)(D) excludes the entire period between the filing of the motion and the conclusion of the hearing.").

The information in which Williams was charged with being a felon in possession of a firearm was filed on July 3, 2019--within 30 non-excludable days from the date on which Williams was arrested on the Complaint. Accordingly, there is no speedy trial violation of the 30-day clock with respect to the felon in possession of a firearm charge.

The Indictment filed on July 11, 2019, was the first charging document that included possession of a machine gun. On its face, this filing date appears to be well outside the limits of the 30-day clock. To assess whether that appearance is supported, a review of the excludable days is in order.

As discussed above, the 30-day clock first began to run on June 4, 2019. Thereafter, on July 10, 2019, Williams was arraigned on the Information. The day of Williams's arraignment

is excluded from the speedy trial clock. *See* 18 U.S.C. § 3161(h) (excluding from the speedy trial cock "[a]ny period of delay resulting from other proceedings concerning the defendant"). There are no other excludable days between June 4, 2019, and July 11, 2019. Accordingly, 37 non-excludable days elapsed between Williams arrest for possession of a machine gun and the filing of Indictment charging Williams with that crime. That period of time exceeds the permissible limits set out in the Speedy Trial Act.

Where, as here, charges are not brought by information or indictment within the time required by 18 U.S.C. § 3161(b), the Speedy Trial Act mandates dismissal of the indictment on the defendant's motion. 18 U.S.C. § 3162(a)(1). As such, the Court will dismiss the possession of a machine gun charge. *See, e.g.*, *United States v. Oliver*, 238 F.3d 471, 473-74 (3d Cir. 2001) ("[O]ur review of decisions by other courts of appeals reveals a consensus that the Speedy Trial Act requires the dismissal of only those charges that were made in the original complaint that triggered the thirty-day time period. . . . We agree with and adopt the position of these courts of appeals.").

**B. Dismissal With or Without Prejudice**

Having dismissed the possession of a machine gun charge, the Court will next address whether that dismissal should be with or without prejudice.

The Speedy Trial Act does not have a preference for dismissal with or without prejudice. *United States v. Taylor*, 487 U.S. 326, 334–35 (1988). When determining the appropriate type of dismissal,

> the Act requires the court to "consider, among others, each of the following factors: [1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice."

*United States v. Stevenson*, 832 F.3d 412, 419 (3d Cir. 2016) (alterations in original) (quoting 18 U.S.C. § 3162(a)(2)).

The first factor the Court considers is "the seriousness of the offense." 18 U.S.C. § 3161(a)(2). "This element 'centers primarily on society's interest in bringing the particular accused to trial.'" *Stevenson*, 832 F.3d at 419 (quoting *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988)). "[T]he greater the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." *United States v. Barnes*, 159 F.3d 4, 16 (1st Cir. 1998) (internal quotation marks omitted). Accordingly, "[w]hen the crime is serious, the

court should dismiss with prejudice only for a correspondingly serious or prejudicial delay." *United States v. Cardona-Rivera*, 64 F.3d 361, 363-64 (8th Cir. 1995).

An appropriate measure of the seriousness of an alleged crime is "the punishment prescribed by statute." *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987). Generally, crimes that carry penalties of five years or more are considered serious offenses for the purposes of the Speedy Trial Act. *See, e.g.*, *United States v. Lewis*, 611 F.3d 1172, 1180 (9th Cir. 2010) (holding that crimes that "carried maximum penalties of five years" were serious offenses); *United States v. Salgado-Hernandez*, 790 F.2d 1265, 1268 (5th Cir.1986) (noting with approval that the Seventh Circuit has held that offense punishable by imprisonment for five years is serious for purposes of Speedy Trial Act). The maximum sentence for possession of a machine gun is ten years. *See* 18 U.S.C. § 924(a)(2).

Moreover, as a general rule, "firearms offenses are serious crimes for purposes of the Speedy Trial Act." *Stevenson*, 832 F.3d at 420; *see also United States v. Jones*, 241 Fed. App'x 676, 679 (11th Cir. 2007) ("As the district court found, the fact that Jones had not been caught using the gun or committing violent acts does not detract from the fact that Jones was a

repeated felon who possessed firearms. Accordingly, the district court did not abuse its discretion in finding that Jones's offense was serious enough to weigh in favor of dismissal without prejudice."). Accordingly, the first factor weighs in favor of dismissal without prejudice.

The second factor the Court considers is "the facts and circumstances of the case which led to the dismissal." 18 U.S.C. § 3162(a)(2). "This factor requires courts to consider the reasons for the delay: did it stem from 'intentional dilatory conduct' or a 'pattern of neglect on the part of the Government,' or rather, from a relatively benign hitch in the prosecutorial process?" *Stevenson*, 832 F.3d at 420 (quoting *United States v. Cano-Silva*, 402 F.3d 1031, 1036 (10th Cir. 2005)).

Ultimately, this factor aims to lay blame at the feet of either the defendant or the government. *See Hastings*, 847 F.2d at 925-26; *see also United States v. Bert*, 814 F.3d 70, 80 (2d Cir. 2016) ("'The Act controls the conduct of the parties and the court itself during criminal pretrial proceedings. Not only must the court police the behavior of the prosecutor and the defense counsel, it must also police itself.'" (quoting *United States v. Stayton,* 791 F.2d 17, 20 (2d Cir. 1986))). This is not, however, a simple binary determination. Rather, "the

appropriateness of barring reprosecution increases in relatively direct proportion to the degree of culpability which attaches." *Hastings*, 847 F.2d at 925.

At one end of the scale is where the delay results from "intentional noncompliance with the Act or from actions designed to gain unfair prosecutorial advantage." *Id.; see also Stevenson*, 832 F.3d at 420 (explaining that dismissal with prejudice may be appropriate where Government "acted in bad faith or to gain some tactical advantage"). Such conduct weighs heavily in favor of dismissal with prejudice. *See id*. On the other end of the scale is where the Government committed "an isolated administrative oversight" or "[r]andom negligence." *Hastings*, 847 F.2d at 925. This type of conduct weighs only minimally in favor of dismissal with prejudice. *Id.; see also Taylor*, 487 U.S. at 339 (explaining that an "isolated unwitting violation" should generally not lead to dismissal with prejudice). Somewhere in between these two extremes is where the "delay is occasioned by a pattern of governmental inattention." *Hastings*, 847 F.2d at 925; *see also Stevenson*, 832 F.3d, at *5 (explaining that dismissal with prejudice may be appropriate where the Government "engaged in a 'pattern of neglect'").

Williams asserts that "the only explanation for the government not including the allegation of possession of a

machine gun in the information was a desire to delay Mr. William's trial by belatedly adding the additional charge and thus obtaining a new trial date." ECF No. 23 at 6-7.

The Court agrees. Indeed, such piecemeal charging decisions that appear to be attempts to continue trials are rather common for the United States. *See, e.g.*, *United States v. Greaves*, Crim. Case No. 2019-1 (January 1, 2019, information charging single count of possession of firearm with obliterated serial number followed by February 21, 2019, indictment--returned one week before scheduled trial date--that added charge of possession of a firearm in a school zone); *United States v. Erickson*, Crim. Case No. 19-53 (January 13, 2019, information charging conspiracy to launder money and bulk cash smuggling followed by April 18, 2019, amended information--filed four days before scheduled trial date--that added conspiracy to possess marijuana charge, which was not included in June 6, 2019, indictment). Indeed, at his arraignment, Williams requested to keep the same trial date previously set on the Information. The United States objected and "request[ed] new dates in light of the significant change to the charge, meaning the additional charge that was added." *Arraignment on Indictment* at 10:18:03PM-10:18:12PM (July 24, 2019). Remarkably, the "significant change" about which the United States alerted the

Court was the possession of a machine gun charge that Williams was arrested on, and which the United States had previously charged in the Complaint.

Under these circumstances, the Court must conclude that the delay here was the result of "intentional dilatory conduct" designed to gain additional time for trial. *See, e.g.*, *Stevenson*, 832 F.3d at 420 (internal quotation marks omitted). Accordingly, this factor weighs in favor of dismissal with prejudice.

The final factor the Court considers is "the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. 3162(a)(2). "'The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act.'" *Stevenson*, 832 F.3d at 422 (quoting *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000).

Williams makes no argument that the "delay prejudiced [his] ability to prepare for trial." *United States v. Hernandez*, 863 F.2d 239, 244 (2d Cir. 1988); *see also United States v. Saltzman*, 984 F.2d 1087, 1094 (10th Cir. 1993) ("[T]he defendant

has a burden under the [Speedy Trial] Act to show *specific prejudice*." (emphasis added)). The Court is also unaware of any "witness or evidence [that] became [un]available as a result of the delay." *See Stevenson*, 832 F.3d 422.

> The Court must also consider prejudice in terms of
> . . . the restrictions on [the defendant's] liberty:
>> inordinate delay between public charge and trial, wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.

*Taylor*, 487 U.S. at 340 (quoting *Barker v. Wingo*, 407 U.S. 514, 537 (1972) (White, J., concurring)) (original alterations omitted). "The longer the delay, the greater the presumptive or actual prejudice to the defendant . . . ." *Id.*

Williams was originally arrested on May 11, 2019, on territorial charges. He was arrested on federal charges on May 29, 2019. He remains incarcerated today. The length of Williams's incarceration is well short of lengths that are generally considered significantly prejudicial. *See, e.g.*, *United States v. Moss*, 217 F.3d 426 (6th Cir. 2000) (holding that "the impact on [the defendant's] liberty" after "be[ing] incarcerated for two years" was significant); *United States v. Clymer*, 25 F.3d 824, 831-32 (9th Cir. 1994) (considering total

delay of 522 excludable and non-excludable days and holding that "'the sheer length of the period involved' weighs heavily in favor of dismissal with prejudice" (citation omitted) (quoting *Stayton*, 791 F.2d at 21)).

Given the intentional nature of the United States's conduct, which appears to be the result of an "action[] designed to gain unfair prosecutorial advantage," *see Hastings*, 847 F.2d at 925, dismissal with prejudice may be more likely to "deter any similar behavior in the future," *see Stevenson*, 832 F.3d at 422 (internal quotation marks omitted). Accordingly, this factor weighs in favor of dismissal with prejudice, though as explained in the Court's discussion of the second factor, the lack of a pattern of intentional behavior in this case and the relatively minor delay mitigates that weight.

Considering the factors together--given the serious nature of the crimes Williams is charged with, the lack of a pattern of dilatory behavior on the part of the United States, and the relatively minor delay occasioned by the actions of the United States--the Court concludes that dismissal without prejudice is the most appropriate remedy.

The premises considered, it is hereby

**ORDERED** that Karime Williams's motion to dismiss docketed at ECF Number 23 is **GRANTED** in part; it is further

**ORDERED** that the charge against Karime Williams of possession of a machine gun in violation of 18 U.S.C. § 922(o) is **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that the United States's motion to dismiss docketed at ECF Number 37 is **GRANTED** in part; and it is further

**ORDERED** that the charge against Karime Williams of possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is **DISMISSED WITHOUT PREJUDICE.**

                          **S\_____**
                             **Curtis V. Gómez**
                             **District Judge**